Messrs. Tilghman and S. Levy, for the prisoner.

Messrs. Rawle and Thomas for the creditors.

WILLIAM GRAHAM *against* GEORGE BICKHAM.

[S. C. 4 Dall. 149.]

Where the penalty of a contract is not in nature of stated and ascertained damages on non-performance, the injured party may recover damages beyond the penalty.

A verdict was agreed to be entered for the plaintiff, for 1798*l*. 12*s*. 2*d*. damages, on the 1st April last, for not performing a stock contract, subject to the opinion of the court, whether more than 1000*l*. damages were recoverable.

The words of the written contract were as follow:

" I acknowledge to have bought from William Graham, 17,334 dollars 76 cents of 6 per cent. stock of the United States, to be delivered to me on the 1st July next, on my paying to him on or before the transferring the same, 22,318 dollars and 49 cents specie. And for the faithful performance of the agreement, I bind myself, my heirs and executors, in the sum of 1000*l*. to be paid to the said Graham, or his order, in case the same is not fully complied with by me, 17th January, 1892. GEORGE BICKHAM."

Stock had greatly fallen when the day of performance of the contract arrived.

For the plaintiff, it was urged, that it was optional in the party instituting a suit, to proceed for the penalty or go for damages. Where there is a penalty and covenants in the same deed, the plaintiff has his election to bring debt for the penalty, or an action of covenant for damages, *toties quoties*. 1 Bla. Rep. 395. 3 Burr. 1351.

In the principal case, the point submitted, depends on the true intention of the parties; and the only question will be, whether the penalty contained in the written instrument, was in nature of stated damages. 1 Bla. Rep. 373. For it is agreed, that where a particular sum is liquidated and ascertained as the measure of damages, neither courts of law nor equity will interpose and relieve. 4 Burr. 2228. H. Bla. 232. 2 Atky. 193. But where the precise sum of the penalty, is not of the essence of the agreement, the real damages suffered, must necessarily be the true rule. Even chancery will decree a specific execution of articles, though the defendant insists to forfeit the penalty thereof. 2

Atky. 371. And now at law, the party may recover more than his penalty. 2 Term Rep. 388, 389.

It is contended in this case the parties could never have intended to make the penalty the measure of damages, in all possible events.

For the defendant it was said, that a distinction exists in the books of equity between the parties suing for relief. Chancery will carry the debt beyond the penalty in some cases where the debtor applies for equity; but in no case, at the instance of the creditor, where he has chosen his own security in the event of non-payment. 1 Vern. 350. 2 Cha. Ca. 182. 16 Vin. 303, pl. 10, in marg. A. sells to B. with warranty, and enters into a recognizance of 1000*l.* for quiet enjoyment; B. was disturbed and sustained a greater loss than 1000*l.*; yet chancery would not give relief beyond the penalty of the recognizance. 16. Vin. 301, pl. 3, cites Cha. Rep. 95. Chancery will not relieve against penalties in the nature of adjusted damages. The penalty is intended as a hedge for securing the covenant. 16 Vin. 302, pl. 5, cites Finch Rep. 117.

Where there is an express undertaking by the defendant and a penalty superadded, there possibly under the modern resolutions, damages may go beyond the penalty; but it is observable, that in the written contract signed by the defendant, and in the counter contract signed by the plaintiff (which is couched in the same terms, *mutatis mutandis*) that there is no express promise on the part of the defendant to pay the money, nor are there mutual promises. A matter precedent was to be done by the defendant, before the plaintiff was to transfer the stock. The contract does not stop at the purchase and price stipulated, but goes on to declare the sum, which shall be paid by either party in case of failure. The parties seem to have contemplated this sum as the measure of stated damages, and that the instrument should operate as a kind of negotiable note, capable of being indorsed over, in the event of non-performance.

The plaintiff in reply. The cases cited by the defendant have been overruled by the later authorities. The introduction of a penalty into an agreement shall not shelter a defendant from performing his contract. 2 Atky. 371. It is superadded to enforce the contract.

If the plaintiff was not entitled to recover, unless on the ground of an express promise in the defendant or of mutual promises, and none such exist in the instrument, the question submitted ought to have been, whether he could recover anything under the contract, and

not whether he should be limited to 1000*l.* An argument which proves to much, must be admitted to be very defective. But what are the facts to be collected from the written papers? The plaintiff acknowledges he has sold stock in his counter contract; the defendant under his hand, acknowledges that he has bought stock; and both papers specify the price, the day of payment and transfer, as concurrent acts, and that for the faithful performance of the agreement, each binds himself to the other in 1000*l.* It is evident therefore, that here are mutual express promises on both sides.

Either the 1000*l.* was to be recovered in case of failure in all events, or it must be deemed a mere penalty to enforce the observance of the contract. It would be too monstrous to suppose, that if the plaintiff had suffered the loss of a small sum, he should be entitled to the whole 1000*l.*; and therefore as he has suffered larger damages than the penalty, he is entitled to more than its amount.

By the court. This action has been properly compared to a suit brought on a deed. If there had been a seal affixed to the instrument, the real damages sustained might have been recovered in an action of covenant, though they exceeded the penalty.

Here was a contract for the payment and delivery of stock on a certain day, at a stipulated price. It is probable, that neither of the parties had an idea, that the difference in the market price of stock, would have been so great at the time of transfer, as it proved to be in the event but they never could have intended that the penalty of 1000*l.* should have been the stated, ascertained damages, in possible cases of failure.

The remedies on both sides on non-performance must be supposed mutual and equal. Suppose then stock had risen three pence in the pound at the time of delivery, and Bickham should sustain a loss of 80*l.* or thereabouts by Graham's non-performance, would he be allowed to recover the whole 1000*l.* by the court? Certainly not. By parity of reason therefore, if stock had risen so extravagantly, that 1000*l.* would not have been a compensation for his damages, he ought not to be restrained by the penalty.

So in the case of the now plaintiff. If his damages had been only 80*l.*, the court would never have given him judgment for 1000*l.*; and since in the event he has suffered beyond the penalty, the court are constrained to say, that judgment must be entered for the plaintiff for 1798*l.* 12*s.* 2*d.* damages.

Messrs. Ingersoll and Tilghman, *pro quer.*

Messrs. Lewis and Rawle, *pro def.*