Judge Graham
delivered the opinion of the Court.
This is an action of covenant brought by Wickliffe and Nourse upon an injunction bond executed to them on tjle 27th Oct. 1819, by Stephen Lee, with Thomas C. Roberts and John Hughes, jr., his securities. Hughes having died, this action was brought against the administrator de bonis non of his estate, and against his heirs. The bond is in the penalty of eight hundred dollars, with a condition under-written setting forth that Lee had obtained an injunction to stay all further proceed *203 ings upon a judgment obtained against him and McDonald for the sum of $426 77-j.- cents, with interest from day of June 1819, and 70£ cents costs by Wickliffe and Nourse, and then concludes thus: “Now if the said Stephen Lee shall well and truly pay and satisfy the said Wickliffe and Nourse all sums of money which now are or hereafter may become due upon the judgment aforesaid, and shall also satisfy and pay the condemnation of the Court in case said injunction shall be dissoDed, then this obligation shall be void: otherwise to remain in full force and virtue and law.” The declaration alleges a dissolution of the injunction and non-payment of the debt, interest and costs, of the judgment enjoined. At the October term 1847 of the Washington Circuit Court a trial was had and a verdict and judgment rendered for plaintiffs for the sum of $1154 75. Upon a writ of error prosecuted to this Court, the judgment was in September 1848, reversed and remanded for a new trial. It is not necessary to state the errors then found in the record. When the case was again docketted in the Circuit Court, the de-' fendants filed pleas 1,-2» 3r4 and 5. Upon the 1st'and 5th, issue was taken, and demurrers sustained to the others. A sixth plea was then filed, and issue thereon joined by the plaintiffs. A seventh plea was afterwards filed to which the plaintiffs objected, and being overruled, they demurred, and their demurrer was sustained.
Arrest' oí judgment and new trial moved and overruled.
A trial was had upon the issues joined which resulted in a verdict and judgment for the plaintiffs for the sum of $1317 65 cents in damages. A motion, for arrest of judgment and for a new trial being overruled, the defendants have by writ of error again brought the case to this Court for revision. The errors assigned are 1st, in sustaining demurrers to the pleas; 2d and 3d, in refusing to arrest the judgment and grant a new trial, and 4th the order and judgment are contrary to law and evidence.
A plea to an action on an injnpption bond, averring that at the obtaining the injunction defendant had a perfect equitable right to do so, is not good (6 B. Monroe, 471-2.)
Plea No. 2 merely avers that at the time the said Lee obtained the injunction to the judgment as recited in the bond sued on, he had a perfect equitable right to do so, and the injunction was properly and legally obtained. Waving all other objections to this plea, and admitting that it is intended to present a case of injunction properly awarded, and that the cause for it was subsequently removed, and the injunction then dissolved without damages, as is averred in some of the other pleas, the facts stated constitute no bar to the plaintiffs action. The bond was forfeited if the injunction was dissolved, and by the express stipulations of the condition as decided in 6 B. Monroe, 471-2, the obligors cannot avail themselves of the fact that the party had cause for the obtention of the injunction. Plea No. 3, is but. an extension of No. 2, and for the reasons already given the demurrer to it was properly sustained. Plea No. 4, gives a history of the chancery suit of Lee, the causes he had for praying and obtaining an injunction, &c. But the main matter of defense relied on in the plea is, that by the decree of the Washington Circuit Court in May 1843, his injunction was perpetuated; that afterwards the said Wickliffe and Nourse took the ease to the Court of Appeals by writ of error, and on the 23d June 1845, the said writ of error was dismissed for want of prosecution. There were other defendants to this writ of error beside Lee and Hughes, and the plea avers that on the 24th June 1845, the plaintiffs, and the counsel for others than Lee or their defendants, by agreement made in fraud of the rights of Lee and said defendants and without the knowledge and consent of said Lee and the defendants procured the Coui't to set aside the dismissal and reinstate the case on the docket, the said Lee and said defendants having no counsel in said Court, and he residing at the time out of the State of Kentucky. If the allegations of fraud in setting aside the dismissal, be sufficient thus far, yet the plea stops short of showing that the said Lee and the defendants, did not after the dismissal have *205 counsel in the appellate Court, or that their rights were in any manner affected by the reinstating of the case on the docket, or that if the dismissal had not been set ■ aside, there was any cause whatever, why the plaintiffs could not immediately thereafter have sued out another writ of error.
The Court did not err in sustaining a demurrer to this plea, and particularly as all the matters relied ' on, might well have been proved if true, under the 5th plea. The other pleas to which demurrers was sustained, are in substance the same as those disposed of.
The only remaining question in this case ' which is worthy of serious consideration is one by no ’ means free from doubt. The damages assessed by the jury exceed the amount of the penalty of the bond. That excess has arisen out of the very unusual length of time (thirty odd years,) since the date of the judgment enjoined, the debt bearing interest all the time. In an action on the bond, can a sum in damages, exceeding the penalty, be recovered of the obligors ? The authorities on this subject seem to be in conflict.- W.e proceed to investigate the leading cases: 2 Pitman on Principal and Surety, 33, it is said, the sum to which the surety has limited his responsibility, may either -be-expressly specified in the instrument itself, or be implied from the nature of it. If the instrument of suretyship is a bond with a penalty, the risk of the surety will, in general, be limited to the amount of the penalty, notwithstanding the obligation on the part of the surety is indefinite and unlimited. A party standing in the situation of surety, can only be liable on the precise terms of his legal obligation.
The case of Talbot and Buford, decided by this Court in Oct. 1799, was this: James, William, and Henry Buford, executed a bond to Talbot in the penalty of £1000. The bond is dated 23d April 1782. The condition under written was, that the obligors should pay and deliver to Talbot on or before 15th Oct. 1786, five negro slaves of a particular description, and in case of *206 failure to deliver the slaves at that time, they were to make Talbot compensation for the delay by a reasonable allowance equal to the hire of such slaves, and also by computing the age of the same as from Oct. 1786. An action of debt was brought on this bond, and judgment was had against the defendants for the £1000, the debt, and also for £332 in damages. Upon appeal this Court decided that damages beyond the penalty might be recovered and-affirmed the judgment. The case of Lowe vs Peers, (4 Burrow 2228,) was, that of a written promise under seal from Peers that he would not marry any person beside Catharine Lowe, and if he did, then he would in three months thereafter pay her £1000. He married another. Air action of covenant was brought by C. Lowe. The Court said: “There is a difference between covenants in general, and covenants secured by a penalty or forfeiture. In the latter case the obligor has his election. He may either bring an action of debt for the penalty, and recover the penalty, (after which recovery of the penalty, he cannot resort to the covenant, because the penalty is to be a satisfaction for the whole,) or if he does not choose to go for the penalty, he may proceed upon the covenant and recover more or less than the penalty, ioties quolies.” McKnight vs McLean, (3 Brown’s ch’y rep., 596,) was this: “Richard Glom of Croydon entered into a bond to Richard Glom of Woldingham, dated 20th Nov. 1749, in the penalty of £2800, conditioned for the payment of £1400 on the 20th Nov., then next ensuing with lawful interest. The bond debt being unpaid, a bill was filed for accounts of the estate of the obligor, in 1790. The interest being added to the principal exceeded the penalty, and the Master allowed only the penalty. Upon exceptions to his report, because he refused to go beyond the penalty, it was decided that exceptions to the report be overruled. The same principles precisely decided hr the case of Tew vs Winterton, (3 Br. ch’y rep. 490.)
*207 Graham vs Bickham, (4 Dallas 149, and 2 Yeates 32,) was on this written contract not under seal: “Bickham bought of Graham 17,344 76 six per cents of the U. S., to be delivered 1st July 1793, on Bickham’s paying to him before the transfer, the sum of $22,318 49. For the performance of this agreement Bickham bound himself in the penalty of £1000. The Court said the penalty was merely superadded as a security for performance, and not as a sum to be paid and received absolutely in lieu of performance, and gave judgment for damages exceeding the penalty.
In Perkins, &c. vs Lyman,) (11 Mass. rep. 76,) the question was whether the sum mentioned in the bond was a penalty or liquidated damages, but the Court in their argument, sustain the doctrine that damages to a greater extent than the penalty may be recovered. That was a case in which no surety was bound, and was based on a stipulation by Lyman that he would not in seven years either directly or indirectly bé interested in voyages and adventures to the N. W. coast of America.
U. S, vs Arnold, (Gallison’s rep., 340,) was that of an action on a penal bond for the payment of duties; the Court said, “we cannot go beyond the penalty and interest thereon from the time it became due by a breach.” Theobold on surety, 91. “Incase of a bond be the condition ever so general the obligor whether principal or surety, is not liable beyond the penalty.”
The same author says that in Francis vs Wilson, (1 Ryan & Moody, 105,) “however the plaintiff obtained an allowance of interest beyond the penalty; but the bond in that case was the exact amount of the sum mentioned in the condition; and there was an express stipulation for the payment of interest, circumstances which evidently take it out of the rule respecting bonds, the penalty of which exceeds the condition.”
Hurlstone on bonds, 107: “Upon a breach of the condition, the penalty of a bond becomes the debt in law, and is the true measure of the obligors liability;” and this he says upon review of authorities.
*208 Burn on actions at law, 337-8. “The plaintiff in debt on bond cannot recover more than the penalty and costs, even though, he have suffered far greater damages, because the penalty is the amount of the damages ascertained by the agreement of the parties. If the penalty be contained in any instrument other than a bond, the plaintiff may either bring debt for the penalty or covenant, or assumpsit, as-the case may be, for the breach of the contract, and may in the latter actions (though not in the former,) recover the actual damages sustained, though more than the penalty.” Again on page 356, he says: “when there is a covenant, and a penalty to secure its due performance, it is more advisable to bring covenant than debt, because in debt the penalty alone can be recovered, and he cannot recover for any future breaches; whereas in covenant he may recover general damages for each breach, ultimately perhaps, to much more than the penalty.”
In the case of Clark vs Bush in the Supreme Court of New York, (3 Cowen’s reports 155,) the Court discuss the question of the liability of sureties for damages exceeding the penalty of the bond, and review many of the cases referred to in this opinion, and some others to which we have not had access. The Court say that in Tenison vs Cramer (South. rep. 498,) an intimation is given, that there are cases in which a recovery may be had beyond the penalty; but it was held in terms, that this could not be against a surety. In the conclusion of their opinion the Court say that “in debt on bond nothing more than the penalty can be recovered, at any rate nothing beyond that and interest, after a forfeiture, even against the principal obligor ; but admitting the doctrine to apply as laid down by Lord Mansfield in Lowe vs Peers, and that an action ■of covenant would lie on the bond in question, in which form Bush might recover the whole amount necessary to a complete indemnity, still it is clear that this can hold only as to the principal, but not against the surety •whose extent of liability is the penalty of the bond. *209 All the casos agree in this, with the single exception of Harris vs Clapp, (1 Mass. rep. 308,) and this was against the opinion of Sedgwick J.
In covenant on a# injunction bond the surety cannot be made lj^ble for a greater gum than the penalty ol the bondand interest upon that sum from the dissolu. tion- of the injunction.
This Court has recently in the case of Woods vs Com. for Pennington, (8 B. Monroe, 112,) decided that in an action of debt on a guardians bond there can be no recovery beyond the penalty of the bond sued upon. Of the correctness of this opinion we entertain no doubt, and believe that it is fully sustained by the authorities.
In nearly all, if not all the cases in which damages; •exceeding the penalty have been given, there is an express and not an implied covenant in the condition that the obligor must do or omit to do some particular act; and where that is not the case, it is manifest as in Graham vs Bigham that the parties could not, and did not intend the liability of the obligor to be limited by the penalty. It may be further remarked, that in but one single case have we found that the surety has been held liable beyond the amount of the penalty of the bond, and that too, whether the action be debt or covenant. The Court should in the construction of every contract look to the intent of the parties in making it, and we suppose that in every case except those where the law has expressly enacted to the contrary, as in the case of public officers, no surety even anticipates that in any Court he can be made to pay more than the penalty of his obligation. This to be sure is not conclusive of the question, but is entitled to some weight. In the case before us, there is but one obligation assumed by the security, and that is, if the principal fails to pay the debt, damages and costs mentioned in the condition, in the event of a dissolution of the injunction, he will pay the penalty.
Upon a careful review and examination of all the decisions and authorities within our reach, and bearing on this important question, we have come to the conclusion, and so decide, that the surety in this case is not liable to any extent beyond the penalty of the bond, and that as the judgment is for a larger sum, it is as to *210 the excess erroneous. For that reason, the judgment of the Circuit Court is reversed, and the case is remanded with directions to that Court to set aside the judgment and grant a new trial without payment of costs, unless the plaintiffs shall remit so much of the judgment as exceeds eight hundred dollars, with interest on that amount'from the time of the dissolution of the injunction, that being the time when a breach of the contract occurred.
Morehead Sf Reed, Roversten &f Fogle for plaintiffs; Wickliffe for defendants.